White's home after White, under custodial arrest following a traffic stop that revealed drugs, consented to the search. We affirm for the following reasons:

1. We will not disturb the district court's credibility finding with respect to the officers' testimony of an ongoing investigation into White's suspected drug trafficking. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir.2005) ("this court reviews factual findings, including credibility choices, for clear error ... Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses.").

2. Viewed as a drug investigation, the brief detention necessary to satisfy a canine's olfactory curiosity was not unreasonable. *United States v. Brigham*, 382 F.3d 500, 511 (5th Cir. 2004) (en banc) ("There is, however, no constitutional stopwatch on traffic stops. Instead, the relevant question in assessing whether a detention extends beyond a reasonable duration is whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly.") (internal quotation omitted). The officers testified at the suppression hearing that when White's visitors began to disperse from his house, Deputy Ungles was instructed to follow White's truck and establish probable cause if possible. Ungles did just that, and when Ungles determined that White was in fact in the truck, Deputies McCowen and McNeely arrived at the scene with the canine. Regardless of the precise order of the return of the computer checks and the request for consent to search—which when denied led the officers to walk the canine around the truck—the record is clear that any residual delay was far short of what we could call unreasonable in light of the officers' ongoing investigation into suspected drug trafficking.

3. There being no constitutional violation in the course of the traffic stop, the subsequent search of White's home was not tainted.

AFFIRMED.

**Labobbie Jean DARDEN; Tyronia Shawntel Montgomery, Plaintiffs–Appellees–Cross–Appellants,**

v.

**E–Z MART STORES, INC., et al, E–Z Mart Stores, Inc., Defendants–Appellant–Cross Appellee.**

No. 06–40722.

United States Court of Appeals, Fifth Circuit.

June 21, 2007.

Charles Todd Tefteller, Charles Van Cleef, David Earl Moore, Longview, TX, Jerrod Lee Davis, Sumner, Schick & Hamilton, Dallas, TX, for Plaintiffs–Appellees–Cross–Appellants.

Jeffrey Charles Elliott, for Defendants–Appellant–Cross Appellee.

Before JOLLY, STEWART and CLEMENT, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

Carlos Enrique TIENDA–RAMOS, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 06–60350

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 21, 2007.

J. Joseph Reina, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, Saul Greenstein, U.S. Department of Justice Office of Immigration Litigation, John Clifford Cunningham, U.S. Department of Justice Civil Division Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, Washington, DC, pro se.

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM: *

Tienda–Ramos, a native of Mexico illegally present in the United States, petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). Reviewing the BIA's conclusions of law de novo while granting *Chevron*[1] deference to its reasonable interpretations of the Immigration and Naturalization Act ("INA"), *Mortera–Cruz v. Gonzales*, 409 F.3d 246, 250 (5th Cir.2005), we deny review for the following reasons:

1. Tienda–Ramos seeks adjustment of status from that of an illegal alien physically present in the United States to that of a lawful permanent resident under INA § 245(i), 8 U.S.C. § 1255(i). The BIA affirmed the IJ's denial of Tienda–Ramos's application for status adjustment because, having reentered the country without admission after prior unlawful presence for an aggregate period

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *Chevron U.S.A. Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).